IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

-------------------------------------------------------------------X

Civil Action No.: _____

GABRIEL NAVARRO,

Plaintiff,

- against -

IRONBRIDGE GOLF OPERATIONS, LLC

Defendants

-------------------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Plaintiff Gabriel Navarro ("Navarro" or "Plaintiff) by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Ironbridge Golf Operations, LLC ("Ironbridge" or "Defendant") alleges the following.

### I.    Introduction

1.    This is an action for age discrimination, disability discrimination, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

2.    Defendant terminated Plaintiff's employment because of his age, medical condition, and taking approved medical leave.

3.    Defendant explicitly stated that it intended to replace Plaintiff with a younger employee.

4.      Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

## II.      Parties

5.      Plaintiff Gabriel Navarro is an individual residing in El Jebel, Colorado.

6.      Plaintiff was 75 years old at the time of the events described herein.

7.      Defendant Ironbridge Golf Operations, LLC is a Colorado limited liability company with its principal place of business at 430 Iron Bridge Road, Glenwood Springs, Colorado 81601.

8.      At all relevant times, Defendant employed more than 20 employees, making it an employer within the meaning of the ADEA and ADA.

## III.      Jurisdiction and Venue

9.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

10.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in the District of Colorado and Defendant conducts business in this District.

11.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 541-2025-03323, alleging age and disability discrimination.

12.      On January 5, 2026 the EEOC issued Plaintiff a Notice of Right to Sue.

13.      This action is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

## IV.      Factual Allegations

14.      Plaintiff was born in 1950.

2

15. Plaintiff was born in Mexico.

16. In 2003, Plaintiff relocated to the United States.

17. In May 2023, Plaintiff began working for Defendant in the kitchen.

18. Plaintiff worked for Defendant 40 hours a week throughout his employment.

19. Plaintiff performed his job satisfactorily.

20. On or about March 3, 2025, Plaintiff became ill but still completed his scheduled shift.

21. On March 4, 2025, Plaintiff called out sick and informed Defendant of his condition.

22. Plaintiff's condition worsened, and on March 10, 2025, Plaintiff sought medical care.

23. Plaintiff was diagnosed with pneumonia.

24. Plaintiff took several days of sick leave with Defendant's permission.

25. On March 13, 2025, a coworker of Plaintiff by the name of Benjamin, acting at the direction of Defendant's Head Chef, instructed Plaintiff to take additional days off to fully recover.

26. Plaintiff was scheduled to return to work on Tuesday, March 17, 2025.

27. On or about March 16, 2025, Benjamin again contacted Plaintiff.

28. Acting on behalf of the Head Chef, Benjmain informed Plaintiff that Defendant had fired him.

29. Benjamin further told Plaintiff that the Head Chef told Benjamin that Defendant would hire a younger employee who could work more hours.

30. Plaintiff was 75 years old at the time of his termination.

31.     On or about March 18, 2025, Plaintiff went in person to Defendant's restaurant to ascertain why he had been terminated.

32.     Plaintiff spoke with Defendant's Head Chef and a manager with Benjamin acting as a translator.

33.     During that meeting, Defendant's representatives informed Plaintiff that he would only be offered part-time work limited to Saturdays and Sundays.

34.     Plaintiff explained that such limited hours were insufficient.

35.     Defendant refused to reinstate Plaintiff to his prior position or schedule.

36.     Defendant terminated Plaintiff because of his age, because of his medical condition, and because he took approved medical leave.

**FIRST CLAIM FOR RELIEF**
**(Age Discrimination – ADEA, 29 U.S.C. § 621 et seq.)**

37.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38.     Plaintiff was at least 40 years old at all relevant times.

39.     Plaintiff was a member of a protected class under the ADEA.

40.     Plaintiff was qualified for his position and performed his job satisfactorily.

41.     Defendant subjected Plaintiff to an adverse employment action by terminating his employment.

42.     Defendant explicitly stated an intent to replace Plaintiff with a younger employee, constituting direct evidence of age discrimination.

43.     Defendant's later offer of weekend-only work constituted a materially adverse change in the terms and conditions of employment and amounted to a constructive termination.

44.     Plaintiff's age was the but-for cause of Defendant's decision to terminate his employment.

4

45.    Defendant's conduct violated the ADEA.

## SECOND CLAIM FOR RELIEF
### (Disability Discrimination – ADA, 42 U.S.C. § 12101 et seq.)

46.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

47.    Plaintiff had an actual disability, or was regarded as having a disability, within the meaning of the ADA.

48.    Defendant was aware of Plaintiff's medical condition.

49.    Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

50.    Defendant terminated Plaintiff because of his disability or perceived disability.

51.    Defendant's conduct violated the ADA.

## THIRD CLAIM FOR RELIEF
### (Retaliation – ADA, 42 U.S.C. § 12203)

52.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

53.    Plaintiff engaged in protected activity by taking approved medical leave and informing Defendant of his medical condition.

54.    Defendant subjected Plaintiff to adverse employment actions shortly, thereafter, including termination and refusal to reinstate him to his prior schedule.

55.    Defendant's actions were causally connected to Plaintiff's protected activity.

56.    Defendant retaliated against Plaintiff in violation of the ADA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award her the following:

(a) Declaratory and injunctive relief as permitted by law;

(b) Damages in such an amount as shall be proven at trial for back-pay; including lost benefits, wages, promotions, tenure, seniority and other employment opportunities;

(c) An Order for the Defendant to reinstate Plaintiff or, in the alternative, front pay-pay and benefits in an appropriate amount;

(d) Compensatory damages, including for emotional distress as allowed by law;

(e) Liquidated damaged as allowed by law;

(f) Punitive damages as allowed by law;

(g) Pre-and post-judgment interest, costs and expert witness fees and such other relief as the Court deems just and proper.

Dated:  January 13, 2026
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:    */s/ Jacob Aronauer*
Jacob Aronauer
250 Broadway, 6th Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*

6